UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN CHANDLER,

    Petitioner,

       v.                            CAUSE NO. 3:20-CV-1005-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Kevin Chandler, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-20-5-137) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of battery on staff in violation of Indiana Department of Correction Offense 117. Following a disciplinary hearing, he was sanctioned with a loss of one hundred eighty days earned credit time.

Chandler argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt. He notes that the hearing officer relied solely on statements from two correctional officers.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The administrative record includes a conduct report in which Sergeant Taylor represents that Chandler spit on him after he placed Chandler in a holding cell. ECF 9-1. The administrative record also contains a statement from another sergeant confirming Sergeant Taylor's account. ECF 9-3. The conduct report and the witness statement constitute some evidence that Chandler committed battery against staff. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides 'some evidence' for the CAB's decision."). Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Chandler argues that he is entitled to habeas relief because the hearing officer did not consult with mental health staff pursuant to departmental policy. Contrary to these allegations, the hearing officer consulted with mental health staff, who advised that the conduct at issue was not related to Chandler's mental health. ECF 9-2. Further, the right to mental health consultations is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had

2

"no bearing on his right to due process"). Therefore, these claims are not a basis for habeas relief.

Chandler argues that he is entitled to habeas relief because the conduct report against him was retaliatory. "Prisoners are entitled to be free from arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984) "[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001). Therefore, the claim of retaliatory motive and the assertion of self-defense are not bases for habeas relief.

In the traverse, Chandler also argues that he is entitled to habeas relief because he did not have counsel, because the hearing officer was not impartial, and because he received inadequate notice of the hearing. Generally, State prisoners must exhaust State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Chandler did not raise these claims during administrative appeal, so these claims are procedurally defaulted. ECF 9-7.

Because Chandler has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Chandler wants to appeal this decision, he does not need a

certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Kevin Chandler leave to proceed in forma pauperis on appeal.

SO ORDERED on September 30, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT