UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN CHANDLER,

       Petitioner,

         v.                       CAUSE NO. 3:20-CV-1005-JD-MGG

WARDEN,

       Respondent.

<u>OPINION AND ORDER</u>

Kevin Chandler, a prisoner without a lawyer, filed a document entitled, "28 U.S.C. § 2254 Habeas Corpus Petition Revised & New Evidence Challenging a Prison Disciplinary Proceeding That Was Affirmed Guilty in Northern District Court." ECF 17. On September 30, 2021, the court denied the habeas petition challenging a disciplinary decision at the Indiana State Prison in which Chandler was found guilty of battering Sergeant Taylor by spitting on him. ECF 12. Specifically, the court found that some evidence supported the hearing officer's finding of guilt and that his remaining claims did not state a valid basis for habeas relief or were procedurally deficient. *Id.*

Given the disposition of this case, Chandler's filing could be fairly construed as a motion to alter or amend judgment under Fed. R. Civ. P. 60(b)(2). That rule provision authorizes the court to relieve a party from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "A motion under Rule 60(b) must be made within a reasonable time and for reasons (1), (2), and (3) no

more than a year after the entry of the judgment or order or the date of the proceeding."
Fed. R. Civ. P. 60(c)(1). "A court must not extend the time to act under . . . Rule 60(b)."
Fed. R. Civ. P. 6(b)(2). Because Chandler did not file this document until February 2025,
this document would be untimely under Fed. R. Civ. P. 60(b)(2).

The court could also construe this document as a successive petition under 28
U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) "[A post-judgment
motion seeking to present new evidence in habeas cases], although labeled a Rule 60(b)
motion, is in substance a successive habeas petition and should be treated
accordingly."). Pursuant to 28 U.S.C. § 2244(b), "[a] district court *must* dismiss a second
or successive petition, without awaiting any response from the government, unless the
court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990,
991 (7th Cir. 1996). Because the Seventh Circuit Court of Appeals has not authorized
Chandler to file a successive petition, Chandler cannot proceed on one here.

Further, Chandler's argument would not have persuaded the court to grant his
habeas relief even absent these procedural hurdles. In this filing, Chandler notes that he
has obtained a jury verdict for damages against Sergeant Taylor on an excessive force
claim based on the same incident that was the subject of the disciplinary hearing
challenged in this habeas case. This jury trial occurred in *Chandler v. Neal*, 3:20-cv-958
(N.D. Ind. filed Nov. 12, 2020). He maintains that the jury found that Sergeant Taylor
acted as the aggressor; that Chandler was handcuffed in a holding cell, and that
Chandler could not have possibly battered Sergeant Taylor.

The court finds this argument to be unpersuasive for two reasons. First, the verdict form completed by the jury did not allow for specific findings; instead it merely asked whether Chandler has satisfied his burden of proof on the excessive force claim at trial and the appropriate amount of damages. The court notes that Chandler was charged in the disciplinary hearing with spitting on Sergeant Taylor (ECF 9-1), which could have feasibly occurred even if Chandler was handcuffed in a holding cell and even if Sergeant Taylor was an aggressor. Moreover, a finding that a correctional officer used excessive force against an inmate in violation of the Eighth Amendment does not necessarily preclude a finding that the inmate also battered a correctional officer. *See McCottrell v. White*, 933 F.3d 651, 668 (7th Cir. 2019) (excessive force claims turn on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."). In other words, the jury could have rationally concluded that Sergeant Taylor's used excessive force against Chandler whether or not it also believed that Chandler spit on Sergeant Taylor. As a result, the jury verdict does not materially undermine the prison disciplinary decision.[1]

Second, the habeas claim and the excessive force claim were decided on materially different evidentiary standards. The applicable standard in this habeas case is whether the administrative record contained "some evidence" to support the guilty finding, a standard under which even "meager proof will suffice." *Webb v. Anderson*, 224

---

[1] The court also notes that there is no constitutional right to self-defense in a prison disciplinary case and that the disciplinary policy does not allow inmates to assert self-defense. *Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007); *Rowe v. DeBruyn*, 17 F.3d 1047, 1054 (7th Cir. 1994); ECF 9-9.

F.3d 649, 652 (7th Cir. 2000). As a result, Chandler would have needed to show that the administrative record lacked even "meager proof" that he spit on Sergeant Taylor to prevail in this habeas case. The applicable standard on the excessive force claim at trial was a preponderance of the evidence. *See E.M.D. Sales, Inc. v. Carrera*, No. 23-217, 2025 WL 96207, at *2 (U.S. Jan. 15, 2025) ("The usual standard of proof in civil litigation is preponderance of the evidence."). Consequently, Chandler's evidentiary burden in this habeas case was significantly higher than the evidentiary burden at his jury trial. Therefore, even if the jury had squarely found that Chandler had not spit on Sergeant Taylor by a preponderance of the evidence, this finding would not have been logically inconsistent with the finding in this habeas case that the record contained "some evidence" to support that Chandler had spit on Sergeant Taylor.

For these reasons, the court DENIES the revised petition (ECF 17) as an attempt to pursue an unauthorized successive petition in violation of 28 U.S.C. § 2244(b)(3)(A).

SO ORDERED on February 11, 2025

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT